No. 38,380

O. A. SUTTON CORPORATION, a Corporation, *Appellee, v.* MCMAKEN TRANSFER COMPANY, a Corporation, *Appellant.*

(233 P. 2d 717)

Opinion filed July 3, 1951.

*T. A. Sullivan* and *R. E. Angle,* of Wichita, were on the briefs for the appellant.

*Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an action for recovery of money wherein appellee seeks to recover from a common carrier in interstate commerce the proceeds of a check deposited with the carrier under conditions hereinafter related.

The pertinent facts disclosed by the pleadings and evidence at the trial and as found by the court may be stated as follows: Plaintiff-appellee, the O. A. Sutton Corporation, ordered certain merchandise from the Western Smelting and Refining Company of Omaha, Nebraska. The seller shipped the order by way of defendant's truck line on a uniform shipper's order bill of lading with instructions to notify consignee (plaintiff) upon arrival, inspection by consignee not permitted. The bill of lading went forward through banking channels with a sight draft attached. The shipment reached defendant's dock in Wichita on the morning of October 27, 1948, and plaintiff was advised of such arrival by defendant. The bill of lading with draft attached arrived at the First National Bank in Wichita before the close of business the same day. Plaintiff's purchasing agent called at defendant's place of business requesting permission to inspect the shipment, and was advised by defendant

that inspection could not be had without the bill of lading unless plaintiff deposited its certified check in the amount of 125% of the invoice price of the merchandise, pursuant to Rule 7 of the interstate commerce commission traffic regulations. Plaintiff thereupon deposited with defendant its check in the amount requested under an oral agreement with defendant that if after inspection by plaintiff the shipment was rejected, the check so deposited would be returned by defendant to plaintiff, but if the goods were accepted after inspection, the check was to be held by defendant until the bill of lading was surrendered to defendant by plaintiff.

Under this agreement, defendant accepted plaintiff's check. Plaintiff made inspection of the merchandise on defendant's dock, found it to be unsatisfactory, and demanded return of its check so deposited, which was refused by defendant. No damage to the goods was occasioned by the inspection.

Defendant forwarded plaintiff's check to its home office in Omaha where it was cashed and defendant paid the shipper and took up the bill of lading and draft. The merchandise has been in the possession of the defendant at all times.

The trial court found all issues in favor of plaintiff and rendered judgment in its favor, for the amount of the check so deposited. Post-trial motions were filed by defendant and overruled by the court. From the trial court's rulings, defendant appeals to this court setting forth several specifications of error. Numerous errors are assigned but they can all be centered on the sufficiency of the allegations of the petition to constitute a cause of action and the sufficiency of the evidence to support the same.

Defendant argues but two questions on appeal: (1) Was the evidence sufficient to prove an oral contract between the carrier and the consignee; and (2) May an oral contract be enforced between a carrier and a consignee giving the consignee a right of inspection when inspection is forbidden by the shipper's order bill of lading?

As to defendant's first contention, we have examined the record and have found sufficient substantial evidence to support the oral contract between plaintiff and defendant permitting inspection, and the court's finding that such contract was entered into will not be disturbed.

Defendant contends that the oral agreement entered into between plaintiff and defendant was in violation of the rules and regulations of the interstate commerce commission and therefore void. Plaintiff contends that the agreement is valid and enforceable. When

plaintiff's agent expressed a desire to inspect the shipment in question and, if satisfactory, to obtain delivery before he had procured the bill of lading, he was advised by defendant's agent that it would be necessary to comply with the applicable interstate commerce commission rule. That rule is found in the published tariffs governing motor carriers, being part 4 of rule 7, and provides:

"The surrender of the carrier's original order bill of lading, properly endorsed is required before delivery of the property, but if such a bill of lading be lost or delayed, the following will govern: The property may be delivered in advance of the surrender of the bill of lading upon receipt of the carrier's agent of a certified check for an amount equal to 125% of the invoice or value of the property or at the carrier's option, upon the receipt of a bond, acceptable to the carrier, in an amount for twice the amount of the invoice or value of the property, or a blanket bond may be accepted when satisfactory to the carrier as to surety, amount and form."

Plaintiff produced its check in the requisite amount and delivered it to defendant's agent after again emphasizing that it expected the check to be returned if the merchandise was not satisfactory. The shipment was inspected and rejected, but the carrier refused to return the check.

We have no quarrel with the numerous authorities cited by defendant which hold generally that contracts which constitute a preference or discrimination in violation of the Elkins Act, 49 U. S. C. A. § 41, are void. We do not consider that the cases cited, however, relate in any fashion to the case here. Defendant does not even venture to suggest what rule or regulation is violated by the transaction, and cites none. We are unable to find from an examination of the record where the oral contract entered into between plaintiff and defendant was in violation of any law or public policy.

A provision in a bill of lading that inspection will not be permitted unless provided by law or unless permission is endorsed on the original bill of lading or given in writing by the shipper, being inserted for the protection of the carrier, may be waived by it; and places no restriction on the rights of the carrier and the consignee to contract with reference to inspection. (13 C. J. S. 327; *Hines v. Scott*, 112 Tex. 506, 248 S. W. 663; *Famous Mfg. Co. v. Railway*, 166 Ia. 361, 147 N. W. 754.) Defendant having the right to waive the restriction on inspection and plaintiff having the right, under the oral contract with defendant, to inspect the property, to determine whether the merchandise was as represented, and if re-

jected on inspection, to have his check returned; the inspection so agreed upon was neither wrongful nor unauthorized, and in view of the oral agreement between the parties, did not constitute a delivery of the merchandise to the plaintiff.

The judgment is affirmed.